899 F.2d 1228
 15 U.S.P.Q.2d 1398
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ZMI CORPORATION, Plaintiff-Appellant,
v.
CARDIAC RESUSCITATOR CORPORATION, Defendant-Appellee.
 No. 89-1436.
 United States Court of Appeals, Federal Circuit.
 March 19, 1990.
 
 Before NIES, PAULINE NEWMAN and ARCHER, Circuit Judges.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 ZMI Corporation appeals from the judgment of the United States District Court for the District of Oregon, Civil Action No. 85-910-FR (March 30, 1989), finding on remand that Cardiac Resuscitator Corporation's (CRC's) "Pace Aid" Models 50, 52 and 53 do not infringe the claims of Patent No. 4,349,030 ('030). We affirm.
 
 OPINION
 
 2
 In order to prevail in its appeal, ZMI must convince this court that the district court's finding of no infringement is either based on an erroneous interpretation of the '030 claims or clearly erroneous. Mannesmann Demag Corp. v. Engineered Metal Prods. Co., 793 F.2d 1279, 1282, 230 USPQ 45, 46 (Fed.Cir.1986). ZMI has succeeded in neither.
 
 
 3
 In our prior decision in this matter, ZMI Corp. v. Cardiac Resuscitator Corp., 844 F.2d 1576, 6 USPQ2d 1557 (Fed.Cir.1988), we held that the functional phrase "that provide low current density to reduce stimulation of local sensory nerves and resulting pain" of claim 1 modifies the electrodes of the claimed system rather than the system as a whole. Accordingly, we remanded the case "for consideration of infringement under properly interpreted claims." Id. at 1582, 6 USPQ2d at 1562.
 
 
 4
 On remand, the district court found that the claims were not infringed by CRC's pacing devices either literally or under the doctrine of equivalents. The court determined that while the R2 electrodes used in CRC's devices "[u]ndisputably ... have large surface areas, and a large surface area is a factor which produces low current density[,]" these electrodes "[l]ike the metal and saline-soaked gauze electrodes [of the prior art], ... often produce[ ] stimulation of local sensory nerves that [is] intolerable at low levels of current." On balance, the court found that CRC's electrodes "do not perform the function of providing low current density to reduce pain as specified in ZMI's patent."
 
 
 5
 ZMI argues that the district court was too restrictive in interpreting the patentee's disclaimer of the Moore electrode (Patent No. 3,762,420) during prosecution of the '030 patent and thus improperly interpreted the meaning of the functional limitation quoted above. We disagree. As conceded by ZMI, the Moore patent is "neutral" concerning the size of its disclosed electrode--its disclosure is addressed to electrodes "of various diameters." In order to obtain the '030 patent, the patentee argued that "Moore ... teaches away from the applicants' electrodes[.]" Consequently, unless we are to presume that the patentee's argument was untrue or only partially true and thus misleading, the patentee has, in effect, admitted that low-impedance electrodes of any size that are capable of being used as defibrillation electrodes do not meet the functional limitation of the '030 claims[1]. ZMI cannot now change the import of the arguments made in order to obtain the patent. Cf. Senmed, Inc. v. Richard-Allen Medical Indus., Inc., 888 F.2d 815, 819 n. 8, 12 USPQ2d 1508, 1512 n. 8 (Fed.Cir.1989). Accordingly, we perceive no error in the district court's interpretation of the '030 claims.
 
 
 6
 Similarly, we are not persuaded that the district court's finding that CRC's pacing devices do not infringe the '030 claims either literally or under the doctrine of equivalents is clearly erroneous. The accused devices each employ the R2 electrode, which was shown by Dr. Webster to exhibit a lower impedance than a saline/gauze electrode of the type disclosed by Moore and disclaimed by the patentee. See Joint Appendix at 1193 (9 ohms versus 26 ohms, respectively). ZMI has pointed to nothing in the record to contradict this testimony.
 
 
 7
 ZMI has further admitted that the R2 electrode can only deliver a low current density when supplied with a pacing current within a small range of effective pacing levels[2]. The ability of the R2 electrode used in the accused devices to function at tolerable pain levels is, therefore, dependent upon a factor external to the electrode. Accordingly, the electrode per se will not perform the function required by the '030 claims. We also agree with the district court's conclusion that low-impedance electrodes like the R2 were disclaimed by the patentee to obtain the '030 patent. Infringement under the doctrine of equivalents is therefore barred by prosecution history estoppel. Therefore, any error the district court may have made in applying the three-part doctrine of equivalents analysis is harmless.
 
 
 8
 On the whole, we are convinced that the district court's view of the evidence is "plausible in light of the record viewed in its entirety," Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985), and thus there is no basis for reversing the district court's findings that the accused devices do not infringe ZMI's patent. Fed.R. of Civ.Proc. 52(a).
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 In our prior opinion we indicated generally that such an electrode limitation could be met "for example, by [electrodes] having a high resistivity or large surface area[.]" ZMI 844 F.2d at 1581, 6 USPQ2d at 1561. The example, however, was included to illustrate the physical relationships between low current density, resistivity or impedance, and surface area. It was not an interpretation of the functional phrase, an issue not before this court at that time. This was recognized, at least implicitly, by the district court by its endeavor to further interpret the asserted claims. Moeller v. Ionetics, Inc., 794 F.2d 653, 656, 229 USPQ 992, 994 (Fed.Cir.1986) (resort to prosecution history is necessary to interpret disputed claims); SSIH Equipment S.A. v. United States Int'l Trade Comm'n, 718 F.2d 365, 376, 218 USPQ 678, 688 (Fed.Cir.1983) (the prosecution history is always relevant to proper claim interpretation)
 
 
 [2]
 That the R2 electrode is capable of functioning as a defibrillation electrode and, in fact, is marketed and sold as such, is undisputed. See Joint App. at 4124-25